**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED SARIF BAPARY, | No. 15-71927 |
| Petitioner, | Agency No. A206-914-105 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:      WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Mohammed Sarif Bapary, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' order dismissing Bapary's appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Bapary's testimony and his supporting documents regarding his reason for leaving Bangladesh, his knowledge of an arrest warrant against him, and the injuries he sustained. *See Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007); *Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). The agency was not compelled to accept Bapary's statements about the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Thus, in the absence of credible testimony, Bapary's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Bapary's CAT claim is based on the same testimony the agency found not credible and the record does not otherwise compel the conclusion that it

is more likely than not he will be tortured if returned to Bangladesh, his CAT claim

also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**